1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

9   THOMAS ANDERSON,

10                              Plaintiff,

11              v.

12   STATE FARM MUTUAL AUTO
     INSURANCE COMPANY,

13                              Defendant.

14

Case No.  C05-5521RJB

ORDER GRANTING PLAINTIFF'S
MOTION TO REMAND

15         This matter comes before the Court on Plaintiff's Motion to Remand these proceedings

16   to the Washington Superior Court for Clark County (Dkt. 7).  The Court has considered the

17   pleadings filed in support of and in opposition to the motion and the file herein.

18                    PROCEDURAL AND FACTUAL BACKGROUND

19         This case arises from an automobile accident which occurred in Nevada on April 4,

20   1998, involving a vehicle owned by a Washington resident, and insured by Defendant State Farm

21   Mutual Auto Insurance Company.  Dkt. 7, at 1.  According to Plaintiff's motion, Plaintiff was a

22   passenger in the vehicle when the driver fell asleep at highway speed, the vehicle left the

23   roadway, and rolled more than once.  *Id.*  Plaintiff contends that he suffered kidney contusions,

24   shoulder injury, irregular heartbeat, abrasions, and soft tissue injuries which required months of

25   physical therapy.  *Id.*  Plaintiff also contends that he remains partially disabled in his right

26

ORDER
Page - 1

shoulder, vocationally disabled in his usual occupation, and lacks the resources to obtain

necessary physical therapy for his continuing physical injuries as prescribed by his physician.  *Id.*

Before the accident, Plaintiff, an Oregon resident, had contracted for Personal Injury

Protection (PIP) income continuation with Defendant State Farm under the Washington policy

that covered the vehicle, as governed by RCW 48.22.005.  *Id.* at 1-2.  State Farm subsequently

paid 2 weeks of full benefits and 2 weeks of partial benefits for lost income from work because

of bodily injury.  *Id.* at 2.  State Farm then discontinued benefits, ultimately denying Plaintiff's

claim for loss of income sometime in 1999.  *Id.*  Plaintiff contends that coverage was denied on

June 7, 1999 (Dkt. 7, at 2), while Defendant contends that coverage was denied on March 23,

1999 (Dkt. 12, at 3).

In 2000, Plaintiff brought an action against Defendant State Farm in U.S. District Court

for Nevada for breach of contract, statutory tort, bad faith, fraud, and other claims.  Dkt. 7, at 2.

The case was transferred to U.S. District Court for Oregon, where it was dismissed in 2004 for

lack of jurisdiction, on the basis that joinder of the vehicle's driver, a non-diverse party, was

necessary to determine comparative fault and contribution.  *Id.*

On April 13, 2005, Plaintiff commenced a declaratory action in the Washington Superior

Court for Clark County, seeking to declare under Washington law Plaintiff's rights arising from

the insurance policy, and whether Defendant State Farm's conduct constituted waiver.

On June 6, 2005, Plaintiff commenced a second action against Defendant State Farm in

the Oregon Superior Court for breach of contract, per se negligence, negligent breach of

contract, fraud, and other claims arising from State Farm's alleged failure to pay income

continuation benefits from the accident.

On August 3, 2005, Defendant removed the declaratory action from the Washington Superior Court to this Court. Dkt. 1.  On September 6, 2005, Plaintiff filed this Motion to Remand to the Washington Superior Court.  Dkt. 7.

<u>MOTION TO REMAND OR CERTIFY</u>

In the Motion to Remand (Dkt. 7.), Plaintiff requests that the Court (1) abstain from exercising discretionary jurisdiction over Plaintiff's action for declaratory judgment and remand the case, or (2) retain declaratory jurisdiction and certify questions regarding issues of state law to the Washington State Supreme Court.

Plaintiff contends that his request for declaratory judgment focuses predominately on undetermined issues of state law.  Plaintiff seeks clarification of fundamental aspects of PIP income continuation coverage under RCW 48.22.005(3), including the insurable interest, the insured peril, coverage exclusion, their definitions, and the proximate cause rule.  According to Plaintiff, the only cases addressing PIP income continuation coverage under RCW 48.22 are *Loran v. Dairyland Ins. Co.*, 42 Wn. App. 17 (1985), and *Boag v. Farmers Ins. Co.*, 42 Wn. App. 17 (1985), which provide little guidance in this case.  Plaintiff believes it would be difficult for this Court to render a well reasoned decision in this case because of the novel issues of state law, and contends that it would be inappropriate for this Court to exercise discretionary jurisdiction when the Washington Superior Court is available to render an opinion.

Defendant requests that the District Court exercise its discretionary jurisdiction under the Uniform Declaratory Judgment Act, 28 U.S.C. § 2201.  Defendant contends that this Court's decision to exercise or decline discretionary jurisdiction should turn on (1) whether either party is forum shopping or (2) whether accepting jurisdiction will cause duplicative litigation. Defendant argues that, if forum shopping has occurred, it is due to Plaintiff's actions, because Plaintiff has filed suit in both Washington and Oregon.  Defendant also argues that

1    Plaintiff is now responsible for any duplicative litigation for the same reasons, and that the

2    removal of this case to the District Court will not change the fact that duplicative action exists.

3

4                                   APPLICABLE STANDARDS

5            The Uniform Declaratory Judgment Act, 28 U.S.C. § 2201, provides a federal court with

6    discretionary jurisdiction to hear declaratory judgment actions.  *Gov't Employees Ins. Co. V.*

7    *Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998).  The Act states that, "In a case of actual

8    controversy within its jurisdiction … any court of the United States … may declare the rights

9    and other legal relations of any interested party seeking such declaration[.]"  28 U.S.C. § 2201.

10   The threshold questions regarding discretionary authority for declaratory actions were concisely

11   stated in *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665 (9th Cir. 2005):

12           [T]he district court must first inquire whether there is an actual case or
             controversy within its jurisdiction.  *Am. States Ins. Co. v. Kearns*, 15 F.3d 142,
13           143 (9th Cir. 1994).  Second, if the court finds that an actual case or controversy
             exists, the court must decide whether to exercise its jurisdiction by analyzing the
             factors set out in *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942), and its
14           progeny.  *Kearns*, 15 F.3d at 143-44.  (See *Brillhart* factors below.)

15   This discretionary authority was explained in *Am. Nat'l Fire Ins. Co. v. Hungerford*, 53 F.3d

16   1012, 1015 (9th Cir. 1995):

17           The Declaratory Judgment Act was an authorization, not a command.  It gave the
             federal courts competence to make a declaration of rights; it did not impose a
18           duty to do so.  Of course a District Court cannot decline to entertain an action as
             a matter of whim or personal disinclination.  A declaratory judgment, like other
19           forms of equitable relief, should be granted only as a matter of judicial discretion,
             exercised in the public interest.  *Pub. Affairs Assoc. v. Rickover*, 369 U.S. 111,
20           112 (1962) (per curiam) (internal citations and quotation omitted).

21   Discretionary authority for declaratory actions was further explained in *Employers Reinsurance*

22   *Corp. v. Karussos*, 65 F.3d 796, 799 (9th Cir. 1995):

23           The Declaratory Judgment Act "placed a remedial arrow in the district court's
             quiver; it created an opportunity, rather than a duty, to grant a new form of relief
24           to qualifying litigants."  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995).
             For that reason, "in the declaratory judgment context, the normal principle that
25           federal courts should adjudicate claims within their jurisdiction yields to
             considerations of practicality and wise judicial administration."  *Id.* at 288.

26

1    Factors to be considered in a district court's exercise of discretionary authority are set forth in

2    the following excerpts of *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225-26 (9th Cir.

3    1998):

4         The Brillhart factors remain the philosophic touchstone for the district court. [The
          Brillhart factors state that] [t]he district court should avoid needless determination
5         of state law issues; it should discourage litigants from filing declaratory actions as
          a means of forum shopping; and it should avoid duplicative litigation. *Cont'l Cas.*
6         *Co. v. Robsac Indus.*, 947 F.2d 1367, 1371-73 (9th Cir. 1991). If there are
          parallel state proceedings involving the same issues and parties pending at the
7         time the federal declaratory action is filed, there is a presumption that the entire
          suit should be heard in state court. *Chamberlain v. Allstate Ins. Co.*, 931 F.2d
8         1361, 1366-67 (9th Cir. 1991). The pendency of a state court action does not, of
          itself, require a district court to refuse federal declaratory relief. *Id.* at 1367.
9         Nonetheless, federal courts should generally decline to entertain reactive
          declaratory actions. …

10        The *Brillhart* factors are not exhaustive. We have suggested other considerations,
11        such as "whether the declaratory action will settle all aspects of the controversy;
          whether the declaratory action will serve a useful purpose in clarifying the legal
12        relations at issue; whether the declaratory action is being sought merely for the
          purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether
13        the use of a declaratory action will result in entanglement between the federal and
          state court systems. In addition, the district court might also consider the
14        convenience of the parties, and the availability and relative convenience of other
          remedies." *Kearns*, 15 F.3d at 145. …

15        [T]hese are considerations for the district court, which is in the best position to
          assess how judicial economy, comity and federalism are affected in a given case.
16        … [T]he preferable practice is for the district court expressly to consider whether
          a properly filed declaratory judgment action should be entertained and to record
17        its reasons for doing so.

18                                    DISCUSSION

19        A.    MOTION TO REMAND

20            Plaintiff has requested that this Court decline discretionary jurisdiction over Plaintiff's

21    declaratory action, and remand this case to the Washington Superior Court for Clark County.

22    Plaintiff correctly notes that this Court has discretion whether to exercise jurisdiction over

23    declaratory actions. Both Plaintiff and Defendant cite *Brillhart v. Excess Ins. Co. of Am.*, 316

24    U.S. 491 (1942) and its progeny in support of, and in opposition to, discretionary jurisdiction

25    being exercised. *Brillhart,* however, is fairly clear about discretionary jurisdiction as applied to

26    declaratory judgments that present issues solely governed by state law. In *Huth v. Hartford Ins.*

1   *Co. of the Midwest*, 298 F.3d 800, 802 (9th Cir. 2002), the Court relied on the factors set forth

2   in *Brillhart* to analyze a similar motion to remand a declaratory judgment to state court:

> 3   *Brillhart* sets forth the primary factors for consideration.  A district court should
>     avoid needless determination of state law issues; it should discourage litigants
> 4   from filing declaratory actions as a means of forum shopping; and it should avoid
>     duplicative litigation. *Dizol*, 133 F.3d at 1225.  These factors, however, are not
> 5   necessarily exhaustive. *See Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 145 (9th
>     Cir. 1994).

6       Plaintiff's declaratory action deals exclusively with issues of state law, including

7   interpretation of the underlying State Farm insurance policy in relation to RCW 48.22.005(3),

8   the definition of "income from work" as applied to Personal Injury Protection, and whether

9   Defendant State Farm's behavior constitutes waiver.  The Washington Superior Court for Clark

10  County is competent to hear these proceedings, and, in the absence of any compelling reasons to

11  the contrary, it is the appropriate forum.  Defendant has argued that this Court should exercise

12  discretionary jurisdiction solely because Defendant is not forum shopping, and because

13  duplicative litigation will occur regardless of the outcome of this motion.  The standards set

14  forth in *Brillhart* and its progeny, however, require a more persuasive argument to overcome

15  the first element, that is, that declaratory actions should be heard in state court when they deal

16  with novel issues of state law.

17      With regard to forum shopping specifically, exercising or declining discretionary

18  jurisdiction in this case will favor neither party.  Defendant has stated that he plans to file a

19  Motion for Summary Judgment in state court based upon the statute of limitations in this case,

20  should the case be remanded (and has, indeed, done so in this Court already).  The Washington

21  Superior Court is equipped to adequately rule on this motion.  Should the motion fail, the state

22  court will undoubtedly interpret the issues of state law in this case without bias to either party.

23  Neither party appears advantaged or disadvantaged by the rules of the Washington Superior

24  Court.  Further, both parties appear solely motivated in these proceedings by their preference

25  for one court over the other.  With regard to avoiding duplicative litigation, accepting or

26  declining discretionary jurisdiction will also favor neither party.  As Defendant points out, there

1   is already a case pending in the Oregon Superior Court, which will remain pending regardless of

2   whether this Court exercises discretionary jurisdiction in this declaratory action.  Further,

3   remanding the declaratory action to state court will simply shift the forum, not create more

4   litigation.  The procedural history and analysis in *Huth*, 298 F.3d at 803-04, are almost identical

5   to those before the court:

> 6   The district court held that "avoiding duplicative litigation" favored neither party;
> we agree.  The case will be disposed of entirely either in state or federal court,
> 7   depending upon the outcome of this appeal.  Absent a presumption either in favor
> of or against the district court's exercise of discretionary jurisdiction, the district
> 8   court did not abuse its discretion by determining this factor was a wash. ... The
> district court also found that "avoiding forum shopping" favored neither party,
> 9   noting Huth merely preferred state resolution while Hartford preferred federal
> resolution.  Again, we agree.

10   Moreover, *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225-26 (9th Cir. 1998)

11   states that, when deciding whether to exercise discretionary jurisdiction for declaratory

12   judgments, the District Court should avoid needless determination of state law issues, avoid

13   declaratory actions that will result in entanglement between the federal and state court system,

14   and balance concerns of judicial economy, comity, and the availability of other remedies.  Again,

15   the Washington state courts are well equipped to decide whether Plaintiff's issues have merit, as

16   well as their legal interpretation, and any such analysis by this Court is unnecessary at this time.

17   Further, a declaratory judgment by this Court may very well result in unnecessary entanglement

18   between the federal and state court system, assuming these issues have not yet been thoroughly

19   determined by the state courts.  Remanding this case to the Washington Superior Court will also

20   further judicial economy by giving both Plaintiff and Defendant direct access to the state

21   appellate and supreme court, which can best determine novel issues of state law.

22   In sum, Defendant has not presented a persuasive reason for this Court to exercise

23   discretionary jurisdiction in this matter, given the importance of allowing novel issues of state

24   law to be determined by a state court, given that no issues of federal law are present, and given

25   the standards for discretionary jurisdiction laid out by *Brillhart* and its progeny.

26   B.      MOTION TO CERTIFY QUESTIONS OF LAW TO THE WASHINGTON

1        SUPREME COURT

2        Plaintiff's motion to certify questions of state law to the Washington Supreme Court is

3   moot, because the interests of justice are better served by remanding this case to the Washington

4   Superior Court.

5                                    ORDER

6        Therefore, it is hereby

7        **ORDERED** that Plaintiff's Motion to Remand these proceedings to the Washington

8   Superior Court for Clark County (Dkt. 7) is **GRANTED**.  The case is **REMANDED TO THE**

9   **SUPERIOR COURT OF THE STATE OF WASHINGTON IN AND FOR CLARK**

10  **COUNTY**.

11       The Clerk of the Court is instructed to send uncertified copies of this Order to all

12  counsel of record and to any party appearing *pro se* at said party's last known address.  The

13  Clerk is further directed to send certified copies of this order to the Clerk of the Court for Clark

14  County Superior Court.

15       DATED this 3rd day of October, 2005.

16                              Robert J. Bryan
17                              United States District Judge

18

19

20

21

22

23

24

25

26

ORDER
Page - 8